FITZPATRICK, J.[1]
¶1 Deborah O'Brien appeals an order of the Iowa County Circuit Court dismissing her claim against The Travelers Inn, LLC. O'Brien initiated a small claims action alleging that Travelers Inn failed to pay her the minimum wage required by Wisconsin and federal law. I conclude that Travelers Inn failed to meet its obligation to pay O'Brien that minimum wage. Accordingly, the circuit court's order is reversed and this matter is remanded with directions for the circuit court to enter judgment in favor of O'Brien and to conduct further proceedings consistent with this opinion.
BACKGROUND
¶2 The pertinent facts in this appeal are undisputed. From July 1 to August 10, 2016, O'Brien was an employee of Travelers Inn. During that period, O'Brien worked a total of 54.5 hours. Travelers Inn never paid O'Brien a money wage for her work at Travelers Inn. Rather, Travelers Inn provided O'Brien with free lodging, and the value of the lodging was $ 500.00 per month.
¶3 O'Brien initiated this wage claim against Travelers Inn, alleging that it failed to pay her the minimum wage of $ 7.25 per hour as directed by WIS. STAT. § 104.035(1)(a) and 29 U.S.C. § 206(a)(1)(C) (2012).[2] O'Brien sought back pay, an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), a civil penalty pursuant to WIS. STAT. § 109.11(2)(b), and attorney fees pursuant to § 216(b) or, alternatively, WIS. STAT. § 109.03(6).
¶4 Because the value of the lodging furnished to O'Brien was $ 500.00 per month, the circuit court found that, prorated over the period of O'Brien's employment from July 1 to August 10, 2016, the value of the lodging was $ 662.00. From that, the circuit court determined that Travelers Inn, in effect, "paid" O'Brien $ 12.17 per hour for her 54.5 hours of work. The circuit court then concluded that Travelers Inn paid O'Brien more than the required minimum wage and dismissed O'Brien's claim.
¶5 O'Brien appeals.
DISCUSSION
I. Standard of Review and Interpretation of Statutes and Administrative Regulations.
¶6 To resolve this dispute the Wisconsin and federal minimum wage statutes, and applicable Wisconsin and federal administrative regulations, must be interpreted and applied to the undisputed facts. That question of law is subject to de novo review. DOR v. Menasha Corp. , 2008 WI 88, ¶44, 311 Wis. 2d 579, 754 N.W.2d 95 ; Shaw v. Prentice Hall Computer Pub., Inc. , 151 F.3d 640, 642 (7th Cir. 1998).
¶7 "Statutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell , 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659 ). "[W]hen interpreting administrative regulations, we use the same rules of interpretation as we apply to statutes." Menasha , 311 Wis. 2d 579, ¶45 (alteration in original) (quoting DaimlerChrysler v. LIRC , 2007 WI 15, ¶10, 299 Wis. 2d 1, 727 N.W.2d 311 ). When interpreting federal statutes and regulations, this court applies the same rules of construction and interpretation that are applicable to state statutes and regulations. See Voces De La Frontera, Inc. v. Clarke , 2017 WI 16, ¶13, 373 Wis. 2d 348, 891 N.W.2d 803 ; Northwest Airlines, Inc. v. DOR , 2006 WI 88, ¶36, 293 Wis. 2d 202, 717 N.W.2d 280.
II. Wisconsin and Federal Minimum Wage Law.
A. Wisconsin Statutes and Administrative Regulations.
¶8 Wisconsin law provides that "[e]very wage paid or agreed to be paid by any employer to any employee ... shall be not less than the applicable minimum wage established under [ WIS. STAT. §] 104.035." WIS. STAT. § 104.02. "Any employer paying, offering to pay, or agreeing to pay any employee a wage lower or less in value than the applicable minimum wage ... is guilty of a violation of this chapter ...." Id. Section 104.035 establishes the applicable minimum wage, which is currently $ 7.25 per hour. Sec. 104.035(1)(a) ; see also WIS. ADMIN. CODE § DWD 272.03(1)(a) (Feb. 2009) ($ 7.25 per hour).[3]
¶9 Pertinent to this case, WIS. STAT. § 104.035(1)(b)1. provides that "if an employer furnishes an employee with ... lodging in accordance with rules promulgated by the department ... the employer may deduct ... from the wages of the employee ... $ 58 per week or $ 8.30 per day." Sec. 104.035(1)(b)1. WISCONSIN STAT .§ 104.045 directs the Department of Workforce Development (DWD) to promulgate rules governing "[t]he deduction of ... lodging provided by an employer to an employee from the employer's obligation under this chapter." Sec. 104.045(2). Pursuant to those rules, "[w]here ... lodging ... [is] furnished by the employer in accordance with s. DWD 272.04... an allowance may be made not to exceed ... $ 58.00 per week or $ 8.30 per day." WIS. ADMIN. CODE § DWD 272.03(3)(a)1.
B. Federal Statutes and Administrative Regulations.
¶10 The Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 - 219, together with the Department of Labor's administrative regulations interpreting the FLSA, establish minimum wage standards under federal law. The statutory minimum wage under federal law is equivalent to that under Wisconsin law. See 29 U.S.C. § 206(a)(1)(C) ($ 7.25 per hour).
¶11 The provisions of 29 U.S.C. § 206, "[s]tanding alone ... require payments of the prescribed wages ... in cash ...." 29 C.F.R. § 531.27(a) (2018).[4] However, the FLSA also provides that the " '[w]age' paid to any employee includes the reasonable cost ... to the employer of furnishing ... lodging." 29 U.S.C. § 203(m)(1). The "reasonable cost" of the lodging is "to be not more than the actual cost to the employer of the ... lodging ... furnished by him to his employee[ ] ...." 29 C.F.R. § 531.3(a).
¶12 Of importance to this case, in order to claim a lodging deduction, employers must satisfy various requirements, such as keeping records regarding any lodging deduction. See 29 C.F.R. § 516.27 (listing recordkeeping requirements); 29 C.F.R. § 531.28 ("[ 29 U.S.C. § 203(m) ] ... prescribe[s] ... limitations and safeguards which control the payment of wages in other than cash ... [ ]Special recordkeeping requirements must also be met."). The intent of these recordkeeping provisions is to "prohibit ... the use of such a medium of payment to avoid the obligation imposed by [ 29 U.S.C. § 206, the federal minimum wage law]." Sec. 531.28.
¶13 Travelers Inn does not dispute that O'Brien has standing to enforce the above-mentioned statutes and regulations. Therefore, those Wisconsin and federal statutes and administrative regulations must be applied to the undisputed facts of this case.
III. Travelers Inn Did Not Satisfy Its Obligation to Pay O'Brien the Applicable Minimum Wage.
¶14 I conclude that Travelers Inn failed to satisfy its obligation to pay O'Brien the minimum wage under both Wisconsin and federal law. Because Wisconsin and federal law contain differing provisions concerning liquidated damages, civil penalties, and attorney fees, I address each provision separately.
A. Travelers Inn Violated Wisconsin Law.
¶15 Travelers Inn failed to satisfy its obligation to pay O'Brien the applicable minimum wage pursuant to WIS. STAT. § 104.035(1)(a) and WIS. ADMIN. CODE § DWD 272.03(1)(a). Section 104.035(1)(b)1. plainly states that "if an employer furnishes an employee with ... lodging in accordance with rules promulgated by the department ... the employer may deduct ... from the wages of the employee ... $ 58 per week or $ 8.30 per day." Sec. 104.035(1)(b)1. WISCONSIN ADMIN. CODE § DWD 272.03(3)(a)1. further provides that the allowance made under § 104.035(1)(b)1. is "not to exceed " those amounts. Sec. DWD 272.03(3)(a)1. (emphasis added).
¶16 It is undisputed that O'Brien worked 54.5 hours, so Travelers Inn owed O'Brien a minimum wage of $ 395.13. Pursuant to the state law lodging deduction provisions, for the five-week and five-day period from July 1 to August 10, 2016, Travelers Inn could have deducted a maximum of $ 331.50 from its minimum wage obligation owed to O'Brien. Accordingly, assuming for the moment that Travelers Inn was legally entitled to deduct that amount, O'Brien would have been owed wages in the amount of $ 63.63 in some form other than lodging , i.e. cash payment. It is undisputed that the only wage Travelers Inn paid to O'Brien was the lodging it furnished. Because Travelers Inn furnished lodging to O'Brien but otherwise did not pay her any wages, Travelers Inn failed to meet its obligation to pay O'Brien at least the minimum wage and violated WIS. STAT. § 104.035(1)(a).
¶17 Travelers Inn makes a number of arguments in an attempt to circumvent its obligation to pay O'Brien the required minimum wage. I reject each argument.
¶18 Travelers Inn's first argument is that it paid O'Brien at least the minimum wage because the value of the lodging it furnished to O'Brien exceeded the minimum wage. The parties do not dispute that lodging furnished to an employee is a "wage" under Wisconsin law. Additionally, the circuit court's finding that the value of the lodging was $ 500.00 per month is undisputed. However, from these propositions, Travelers Inn takes a considerable leap and concludes that "[s]imple math shows that O'Brien was compensated $ 12.14 per hour." This contention sidesteps the question of whether Wisconsin law restricts the amount of the lodging deduction. The clear language of the pertinent statute and administrative rule thwarts Travelers Inn's argument. Under WIS. STAT. § 104.035(1)(b)1. and WIS. ADMIN. CODE § DWD 272.03(3)(a)1., if an employer furnishes an employee with lodging, the maximum amount that the employer may deduct from its minimum wage obligation is $ 58.00 per week or $ 8.30 per day, regardless of the value of the lodging. Secs. 104.035(1)(b)1. and DWD 272.03(3)(a)1. ("Where ... lodging ... [is] furnished by the employer ... an allowance may be made not to exceed ... $ 58.00 per week or $ 8.30 per day." (emphasis added)). Neither § 104.035(1)(b)1. nor § DWD 272.03(3)(a)1. contains an exception based on the value of the lodging and, as a result, Travelers Inn's argument must be rejected.
¶19 Second, Travelers Inn argues that O'Brien voluntarily entered into an employment agreement pursuant to which her wages would be solely in the form of lodging. Travelers Inn asserts that WIS. STAT. § 104.035(1)(b)1. and WIS. ADMIN. CODE § DWD 272.03(3)(a)1. do not prohibit an employee from entering an employment agreement to accept wages in the form of lodging that exceeds the value prescribed in those provisions. In other words, Travelers Inn's contention is that an employee may contract around or waive the pertinent provisions. Travelers Inn claims that "[t]here is a difference between having a deduction from a paycheck that an employee is expecting to receive and making an agreement to not receive a paycheck in exchange for lodging," and "[i]t was O'Brien's right to enter into a contract for employment compensation." I reject Travelers Inn's freedom of contract argument, which is nothing more than an attempt to circumvent the provisions of § 104.035(1)(b)1. and § DWD 272.03(3)(a)1.
¶20 An employer can not enter into an agreement to pay less than the applicable minimum wage. See WIS. STAT. § 104.02 ("Any employer ... agreeing to pay any employee a wage lower or less in value than the applicable minimum wage ... is guilty of a violation of this chapter."). There is no language in § 104.02, or elsewhere in WIS. STAT. ch. 104, to suggest that parties may contract around or waive the provisions of Wisconsin's minimum wage law. Similarly, WIS. STAT. § 104.035(1)(b)1. and WIS. ADMIN. CODE § DWD 272.03(3)(a)1. prescribe a maximum amount that an employer may deduct from an employee's wages in exchange for furnishing lodging. There is no language in that statute or that administrative rule to suggest that parties may contract around or waive the lodging deduction provisions. Accordingly, under these circumstances, the parties' agreement does not dictate the result. Travelers Inn violated § 104.035(1)(a) by paying O'Brien less than the required minimum wage, and it violated § DWD 272.03(3)(a)1. by deducting from O'Brien's wages more than the maximum allowed under Wisconsin law for the lodging.
¶21 Travelers Inn's reliance on State v. Kreutzberg , 114 Wis. 530, 90 N.W. 1098, 1102 (1902) is to no avail because employees may not waive minimum wage protections. The United States Supreme Court long ago held that "[w]here a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged or colored with the public interest will not be allowed where it would thwart the legislative policy which it was designed to effectuate." Brooklyn Sav. Bank v. O'Neil , 324 U.S. 697, 704 (1945). Further, the Court held that "to allow waiver of statutory wages by agreement would nullify the purposes of the [FLSA]." Id. at 707 (concluding that employees may not waive right to liquidated damages or basic minimum and overtime wages under the FLSA). That holding is applicable to these circumstances, and I conclude that reading WIS. STAT. ch. 104 to allow an employee to waive the minimum wage and lodging deduction provisions "would undermine the legislative scheme and the private and public interests it was designed to serve." See Wisconsin Cent. Farms, Inc. v. Heartland Agric. Mktg., Inc. , 2006 WI App 199, ¶25, 296 Wis. 2d 779, 724 N.W.2d 364 (citing Brooklyn Sav. Bank , 324 U.S. at 704 ).
¶22 Travelers Inn's third argument is that an administrative rule concerning the value of lodging in the context of an employer's unemployment insurance contribution demonstrates that the value of lodging can exceed the amounts listed in WIS. STAT. § 104.035(1)(b)1. and WIS. ADMIN. CODE § DWD 272.03(3)(a)1. See WIS. ADMIN. CODE § DWD 101.05 (June 2007).[5] I reject this argument.
¶23 WISCONSIN ADMIN. CODE ch. DWD 101 concerns how the DWD is to apply the definition of "wages" found in WIS. STAT. § 108.02(26) to assess employer contributions to unemployment insurance. See WIS. ADMIN. CODE § DWD 101.01. Nothing in WIS. ADMIN. CODE § DWD 101.05 specifically, or ch. DWD 101 generally, suggests that its provisions apply outside of the context of employer contributions to unemployment insurance. Under § DWD 101.05, DWD has assigned a particular valuation method for lodging in the context of employer contributions to unemployment insurance and provided a specific value for instances when the employer's valuation is unavailable. In contrast, under WIS. ADMIN. CODE § DWD 272.03(3)(a)1., DWD has assigned a maximum value that an employer may deduct from its minimum wage obligation in exchange for furnishing lodging, regardless of the value of that lodging. It is reasonable that DWD has issued rules prescribing different valuation methods in these different contexts. Furthermore, the fact that § DWD 101.05 explicitly uses the phrase "actual value" shows that, if DWD wanted to afford to employers the advantage of deducting the actual value of lodging from their minimum wage obligations, it knew how to do so.
¶24 In sum, Travelers Inn violated Wisconsin law by paying O'Brien less than the statutory minimum wage.
B. Travelers Inn Can Not Claim a Lodging Deduction Under Federal Law.
¶25 29 C.F.R. § 516.27 mandates record-keeping requirements for employers who make lodging deductions. Sec. 516.27. At no point in its briefing in this court does Travelers Inn respond to, or refute, O'Brien's argument that Travelers Inn failed to comply with that federal record-keeping requirement to claim a lodging deduction. Accordingly, Travelers Inn has conceded that argument and, under federal law, was not entitled to deduct any amount from O'Brien's wages for the lodging it furnished O'Brien. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded).
C. O'Brien Is Entitled to Back Pay.
¶26 Because Travelers Inn can not claim the lodging deduction, O'Brien is entitled to $ 7.25 per hour for all 54.5 hours that she was an employee of Travelers Inn, or $ 395.13. See, e.g. , 29 U.S.C. § 216(b) as discussed below. On remand, the circuit court shall enter judgment in favor of O'Brien and set the value of back pay at $ 395.13.
IV. Liquidated Damages, Civil Penalties, and Attorney Fees.
¶27 Having concluded that Travelers Inn violated state and federal law, that Travelers Inn was not entitled to claim a lodging deduction, and that O'Brien is entitled to back pay in the amount of $ 395.13, I now turn to the questions of whether O'Brien is entitled to liquidated damages, civil penalties, and attorney fees and address the issues in that order.
A. Liquidated Damages.
¶28 O'Brien requests liquidated damages equal to the amount of back pay pursuant to 29 U.S.C. § 216(b). Section 216(b) provides that "[a]ny employer who violates the provisions of section 206... of this title shall be liable to the employee ... in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." Sec. 216(b). Because Travelers Inn failed to meet its obligation under 29 U.S.C. § 206(a)(1)(C), I conclude that Travelers Inn is liable to O'Brien in an equal amount of $ 395.13 as liquidated damages, and the circuit court shall also enter judgment in favor of O'Brien for that amount.
B. Civil Penalty.
¶29 O'Brien argues that this court should award a civil penalty in an amount equal to her back pay pursuant to WIS. STAT. § 109.11(2)(b). O'Brien contends that, because Travelers Inn's conduct was "unjust" and Travelers Inn "was incorrect as a matter of law," a civil penalty is warranted. This court has held that the circuit court has discretion over whether to order a civil penalty, and the penalty need not be equal to the wages due. Johnson v. Roma II-Waterford LLC , 2013 WI App 38, ¶47, 346 Wis. 2d 612, 829 N.W.2d 538 ("[T]ext and case law make clear that the circuit court has broad discretion under § 109.11(2)(b) to choose not to award a penalty and that, even when a penalty is appropriate, the court has discretion to award a penalty amounting to less than double damages."). Twice in O'Brien's briefing in this court she has explicitly declined to have the circuit court determine this penalty and, instead, has clamored for only this court to award a penalty under § 109.11(2)(b). Because this court does not have the authority to make such an award, I conclude that O'Brien has forfeited her opportunity to have the circuit court exercise its discretion to impose a civil penalty pursuant to § 109.11(2)(b).
C. Attorney Fees.
¶30 Finally, O'Brien requests an award of attorney fees pursuant to 29 U.S.C. § 216(b) or, alternatively, WIS. STAT. § 109.03(6). The federal statute provides for a mandatory award of attorney fees. Sec. 216(b) ("The court ... shall , in addition to any judgment awarded to the plaintiff ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)). In contrast, Wisconsin law gives the circuit court discretion over whether to award attorney fees. Sec. 109.03(6) ("[T]he court may allow the prevailing party ... a reasonable sum for expenses." (emphasis added)); Johnson , 346 Wis. 2d 612, ¶¶14-15 (observing difference between mandatory federal and discretionary state provisions); see also Jacobson v. American Tool Companies, Inc. , 222 Wis. 2d 384, 401, 588 N.W.2d 67 (Ct. App. 1998) (interpreting § 109.03(6) to allow award of attorney fees).
¶31 Having concluded that Travelers Inn violated federal law, I also conclude that O'Brien is entitled to a mandatory award of reasonable attorney fees and costs under the federal statute. The amount of reasonable attorney fees is a discretionary decision for the circuit court. Johnson , 346 Wis. 2d 612, ¶16. On remand, the circuit court shall determine O'Brien's reasonable attorney fees to be awarded against Travelers Inn and enter judgment in favor of O'Brien for that amount.
CONCLUSION
¶32 For the foregoing reasons, the order of the circuit court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
By the Court. -Order reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

All references to the United States Code are to the 2012 version unless otherwise noted.

All references to the Wisconsin Administrative Code ch. DWD 272 are to the February 2009 version unless otherwise noted.

All citations to the Code of Federal Regulations are to the 2018 version unless otherwise noted.

All references to the Wisconsin Administrative Code ch. DWD 101 are to the June 2007 version unless otherwise noted.